UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EARL CRAFT,

     Plaintiff,

v.                                                                          Case No. 1:26cv17-TKW-HTC

CENTERION OF FLORIDA LLC, et al.,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Earl Craft, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs. Doc. 1. After reviewing Craft's complaint and litigation history, the undersigned recommends this case be dismissed without prejudice because Craft failed to truthfully disclose his litigation history.

Section VIII.A. of the complaint form, titled "PRIOR LITIGATION," asks Craft to identify any federal cases he previously filed which were dismissed prior to service or for failure to state a claim. *See* Doc. 1 at 17. The form specifically advised Craft to "err on the side of caution" and warned him that a failure to disclose "all prior state and federal cases" "may result in a dismissal of this case." *Id.*

Based on an independent investigation, the Court takes judicial notice of the following case filed by Craft, which was dismissed prior to service for failure to state

a claim: *Craft Jr. v. Boshek, et al.*, 8:23-cv-02877 (M.D. Fla.) ("Because a more carefully drafted complaint could not state a claim, Craft's complaint (Doc. 1) is **DISMISSED** with prejudice. 28 U.S.C. § 1915A(b)."). This case was filed while Craft was detained in the Pinellas County Jail under inmate number 1850138. This Court has previously found that Pinellas County Jail inmate number 1850138 is the same Earl Craft who is FDOC inmate number R25059. *See Craft v. Centurion of Fla. LLC*, No. 1:25-CV-236-MW-MJF, 2025 WL 3559098 at *2 (N.D. Fla. Nov. 18, 2025), *report and recommendation adopted*, No. 1:25CV236-MW-MJF, 2025 WL 3557221 (N.D. Fla. Dec. 11, 2025). Craft failed to disclose this case on the complaint form.

Despite this omission, Craft signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 21-22. District courts have the inherent power to dismiss a suit based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little

purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Plaintiff's failure to truthfully disclose his litigation history.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of January, 2026.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:26cv17-TKW-HTC